IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, 3rd Floor Baltimore, MD  21201 | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | COMPLAINT |
| v. | ) ) | JURY TRIAL DEMAND |
| DIVERSIFIED MAINTENANCE SYSTEMS, LLC, 5110 Eisenhower Blvd. Suite 250 Tampa, FL 33634 | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment and to provide appropriate relief to Dana Fields and a class of aggrieved African American job applicants who were adversely affected by such practices.  As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("Commission") alleges that since at least January 1, 2012, Defendant Diversified Maintenance, LLC engaged in an ongoing pattern or practice of race discrimination against African American job applicants in Maryland, the Washington D.C. metropolitan area, and the Philadelphia, Pennsylvania metropolitan area, in violation of Title VII. The Commission further alleges that in or around January 2014, Defendant subjected Dana Fields to harassment based on race (African American) in the form of repeated and demeaning

racial slurs, subjected him to other disparate terms and conditions of employment and retaliated against him for engaging in the protected activities of reporting harassment and opposing discriminatory employment practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed in numerous locations in Maryland, the Washington D.C. metropolitan area, and the Philadelphia, Pennsylvania metropolitan area including within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.  Venue is proper in this Court.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Diversified Maintenance Systems, LLC has continuously been doing business in the State of Maryland, as well as other jurisdictions, and has continuously had at least fifteen employees.

5.      Defendant provides janitorial services for businesses including large retail stores.

It is a nationwide company and provides services in Maryland including Montgomery and Prince Georges County, Maryland as well as Southern Maryland and the Baltimore area. It has more than 216 accounts in the State of Maryland.

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g), and (h).

STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Dana Fields filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

8.     On January 17, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.     On February 8, 2017, the Commission issued a conciliation proposal which included an offer of monetary and non-monetary terms to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     On May 3, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT ONE:
## DEFENDANT HAS DISCRIMINATED AGAINST AFRICAN AMERICAN APPLICANTS BY DENYING THEM EMPLOYMENT AS CUSTODIANS, LEAD CUSTODIANS AND PORTERS

14.     Since at least January 1, 2012, Defendant has engaged in unlawful employment practices in violation of Sections 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. §2000e-2(a)(1) and (a)(2).   The practices include an ongoing pattern or practice of failing to hire a class of African American applicants for Custodian, Lead Custodian and Porter positions because of their race.

15.     Defendant provides janitorial services for businesses including large retail stores. It is a nationwide company and provides services in the Washington, D.C. metropolitan area, the Philadelphia, Pennsylvania Metropolitan area and the State of Maryland including Montgomery and Prince Georges County, Maryland as well as Southern Maryland.

16.     Defendant is divided into regions. Each region is supervised by a Regional Vice President.

17.     Each region is divided into districts. The districts are supervised by District Managers.

18.     Each district is divided into areas. The areas are supervised by Area Managers. Area Managers are the managers of the Lead Custodians, Custodians and Janitors who provide Defendant's janitorial services.

19.     Area Managers hire Porters, Custodians and Lead Custodians under the supervision of the District Manager. The District Manager is responsible for finalizing the hiring process.

20.     Since at least January 1, 2012, Defendant has maintained and continues to maintain a standard operating procedure of discriminating against African Americans in its hiring of Custodians, Lead Custodians and Porters in the District covering the Washington, D.C., Baltimore and Philadelphia areas. This District includes Montgomery and Prince Georges County, Maryland as well as Southern Maryland.  This standard operating procedure emanates from Defendant's District Managers.

21.     Defendant's District Managers for Maryland, the Washington D.C. metropolitan area, and the Philadelphia, Pennsylvania metropolitan area instructed Area Managers not to hire African American applicants unless special permission was granted.

22.     In or around March of 2014, the District Managers for Maryland, the Washington D.C. metropolitan area, and the Philadelphia, Pennsylvania metropolitan area appeared at a hiring fair in Waldorf, Maryland and knowingly and falsely told African Americans who had just been hired that the company did not have any openings at that time. The District Manager then revoked their offers of employment.

23.     In or around March of 2014, Defendant's District Manager for Maryland, the Washington D.C. metropolitan area, and the Philadelphia, Pennsylvania metropolitan area told the Area Manager responsible for Montgomery County, Prince Georges County, Maryland and Southern Maryland to deter African American applicants by repeatedly emphasizing to them that the company performed a criminal background check. This practice resulted in African Americans withdrawing from the hiring process.

24.     In or around January of 2014 through in or around July of 2014, Defendant's District Managers for the Washington D.C., Baltimore and Philadelphia areas maintained a

racially hostile environment and frequently called the African American Area Manager responsible for Prince George's County, Montgomery County and Southern Maryland "nigger."

25.     During the course of the EEOC's administrative investigation, Defendant produced a roster of the employees who had worked as Custodians, Lead Custodians and Porters in the District covering the Washington D.C., Baltimore and Philadelphia areas. The roster identified the employees' races and ethnicities.

26.     Defendant's workforce for Custodians, Lead Custodians and Porters in the District covering the Washington D.C., Baltimore and Philadelphia areas was over 95% Hispanic. Defendant made significant use of word of mouth hiring to fill vacant positions.

27.     The qualifications for the Custodian, Lead Custodian and Porter jobs are subjective.

28.     Many of the applicants for the Custodian, Lead Custodian and Porter positions in the District covering the Washington D.C., Baltimore and Philadelphia areas applied using paper applications. Defendant only retains paper applications for the applicant who is hired for the position.

29.     A statistical comparison using a z-test of Defendant's workforce to census data for janitors in the relevant areas reveals a statistically significant shortfall for African American Custodians, Lead Custodians and Porters.

### COUNT TWO: DEFENDANT SUBJECTED DANA FIELDS TO HARASSMENT BASED ON RACE

30.     Defendant hired Dana Fields in or around January of 2014.

31.     Fields was the Area Manager for the area including Montgomery County, Prince George's County and Southern Maryland.

32.     From at least January 1, 2012 through in or around April of 2014, District Manager Louis Cornejo (Cornejo) was responsible for the district including the Washington, D.C., Baltimore and Philadelphia areas. This district also included Prince George's Counties as well as Southern Maryland.

33.     From in or around January of 2014 to in or around April of 2014, District Manager Cornejo was Fields' immediate supervisor.

34.     From at least in or around April of 2014 to at least in or around August of 2014, District Manager Ramiro Carranza-Zepeda (Zepeda) was responsible for the district including the Washington, D.C., Baltimore and Philadelphia areas. This district also included Prince George's Counties as well as Southern Maryland.

35.     From in or around April of 2014 to in or around August of 2014, Zepeda was Fields' immediate supervisor.

36.     Fields is African American.

37.     Beginning in and around January of 2014, District Managers Cornejo and Zepeda subjected Fields to severe and repeated acts of harassment, including but not limited to:

    a.     Defendant's District Managers repeatedly called Fields a "nigger" and used other abusive and insulting language towards him. In one instance, Cornejo called Fields "nigger" in a large retail store in Waldorf, Maryland.

    b.     Cornejo instructed Fields to not hire African American employees for janitorial positions.

7

c.      Cornejo ordered Fields to only interact with African American customer contacts and ordered him to not hire African Americans.

d.      Defendant's harassment policy requires that harassment be reported to human resources or a manager.

e.      Fields reported the harassment to his District Managers and then his Regional Vice President but they took no remedial action.

f.      Fields reported the harassment to the Human Resources department but no remedial action was taken.

g.      In or around May of 2014, Defendant demoted Fields who was meeting all of his employer's legitimate expectations.

h.      Following the demotion, Defendant took away Fields' mileage reimbursement and reassigned him to a work location that required him to travel one hour and fifty minutes to reach his place of employment when assignments much closer to his home were available.

i.      In or around July of 2014, Defendant terminated Fields's employment. Fields was meeting all of his employer's legitimate expectations.

**COUNT THREE: DEFENDANT SUBJECTED DANA FIELDS TO RETALIATION BASED ON ENGAGING IN PROTECTED ACTIVITIES**

38.     Since at least February of 2014, Defendant has engaged in unlawful employment practices in violation of Section 704(a)(l) of Title VII, 42 U.S.C. § 2000e-3(a)(l).  These practices include demoting and terminating Fields for reporting racial harassment and opposing

discriminatory employment practices:

   a. Fields believed that he was being subjected to harassment based on race in the form of his District Manager calling him "nigger," instructing him to not hire African Americans, and ordering him to interact only with African American client contacts.

   b. Fields complained to Defendant's managers about the harassment and the policy of not hiring African Americans for janitorial positions.

   c. Fields' District Manager expressed anger with Fields for making complaints.

   d. Immediately after Fields complained Defendant increased his workload far in excess of that which Defendant had assigned to other managers. Fields was not given the tools and staff necessary to perform the tasks assigned to him. He frequently worked 18 hour days in an attempt to meet Defendant's demands.

   e. In or around May of 2014, Fields was meeting all of his employer's legitimate expectations. His stores met all requirements for cleanliness and his customers were satisfied with his work.

   f. In or around May of 2014, Defendant demoted Fields to Lead Custodian in retaliation for his opposition to harassment and discriminatory employment practices.

   g. His replacement as Area Manager, Juan Arias, informed Fields that he was aware of his complaints of harassment and he warned Fields against making complaints about him.

   h. When Fields worked as a Lead Custodian, Defendant would reassign the custodians working under him to other projects. In some instances Defendant forced him

to clean large retail stores by himself. Other Lead Custodians did not encounter problems with reassignment.

       i.      When Fields worked as Lead Custodian, Defendant denied him necessary cleaning supplies including mops. To meet his employer's expectations Fields cleaned the floor of a large retail store in La Plata, Maryland, on his hands and knees with rags.

       j.      The stress of the physical exertion required to meet the heavy workload imposed on him required Fields to be hospitalized in or around July of 2014. Fields was terminated for absenteeism while in the hospital.

       k.      At the time of his termination, Fields was meeting all of his employer's legitimate expectations. His stores met all requirements for cleanliness and his customers were satisfied with his work.

       l.      Defendant terminated Fields' employment in retaliation for engaging in activities protected under Title VII.

39.      The effect of the practices complained of above in paragraphs 14-38 have been to deprive a class of African American job applicants of equal employment opportunities and otherwise affect their status as applicants because of race.

40.      The effect of the practices complained of above in paragraph 38 has been to deprive Dana Fields of equal employment opportunities and otherwise adversely affect his status as an employee because of race and for engaging in protected activity.

41.      The unlawful employment practices complained of above in paragraphs 14-38 are part of a continuing course of race discrimination perpetrated against African American job applicants by Defendant that has persisted since at least January 1, 2012.

42.     The unlawful employment practices complained of above in paragraphs 14-38 above were and are intentional.

43.     The unlawful employment practices complained of above in paragraphs 14-38 were and are done with malice or with reckless indifference to the federally protected rights of Dana Fields and a class of African American job applicants.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from denying employment to African American applicants because of their race; from harassing employees based on race; and retaliating against employees who engage in protected activities;

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of their past and present unlawful employment practices;

D.     Order Defendant to make whole Dana Fields and a class of aggrieved African American applicants (and deterred applicants) by providing appropriate back pay with prejudgment interest and front pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, rightful place employment;

E.     Order Defendant to make whole Dana Fields and a class of aggrieved African American applicants (and deterred applicants) by providing compensation for pecuniary and nonpecuniary losses, including emotional pain, suffering, anxiety, depression, embarrassment,

11

degradation, and humiliation;

      F.     Order Defendant to pay Dana Fields and a class of aggrieved African American

applicants (and deterred applicants) punitive damages for the malicious and reckless conduct

described above, in amounts to be determined at trial;

      G.    Grant such further relief as the Court deems necessary and proper in the public

interest; and

      H.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

    The Commission requests a jury trial on all questions of fact raised by the Complaint.


               Respectfully submitted,


               JAMES L. LEE
               Acting General Counsel

               GWENDOLYN YOUNG REAMS
               Associate General Counsel

               _____/S/_____
               DEBRA M. LAWRENCE
               Regional Attorney

               _____/S/_____
               MARIA SALACUSE
                Supervisory Trial Attorney
               Bar No. 15562


               _____/S/_____
               ERIC S. THOMPSON


               EQUAL EMPLOYMENT
               OPPORTUNITY COMMISSION
               10 S. Howard Street, 3rd Floor

Baltimore, Maryland  21201