UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 8:17-cv-01835-PX |
| DIVERSIFIED MAINTENANCE SYSTEMS, LLC, | |
| Defendant. | |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action against Defendant Diversified Maintenance Systems, LLC ("Defendant") on July 5, 2017 (the "Complaint"). In the Complaint, the EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991, by failing to hire a class of African Americans for positions of employment as custodians, lead custodians, or porters (together, "Custodians") because of their race in the geographic region encompassing Washington, D.C., Maryland, and Philadelphia. The EEOC further alleged that Defendant harassed its former employee, Charging Party Dana L. Fields, based on his race (African American) and retaliated against him for opposing the alleged harassment.

Defendant denies all of the allegations in the EEOC's Complaint in their entirety. Nothing in this Consent Decree ("Decree") shall be construed to constitute a finding on the merits of the case or an admission of wrongdoing by Defendant. The EEOC and Defendant (together, "Parties") have consented to this Decree to avoid the additional expense that protracted and continued

litigation would involve.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, Title VII, and Title I. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1.      This Decree resolves all issues and claims in the Complaint which emanated from the Charge of Discrimination filed by Dana L. Fields.

2.      This Decree shall be in effect for a period of two and one-half years (30 months) after the Effective Date.

3.      The Decree shall apply to Defendant's operations in the Geographic Region as defined in Paragraph 11.

4.      This Decree, being entered with the consent of the Parties, shall not constitute an adjudication or finding on the merits.

## Jurisdiction

5.      The United States District Court for the District of Maryland (Southern Division), has jurisdiction over the Parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement.  This Decree, being entered with the consent of EEOC and Defendant, shall not  constitute an adjudication or finding on the merits of the case.

6.      No Party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the EEOC to seek enforcement in the event Defendant allegedly breaches any of the terms of this Decree.

## Definitions

7.     **Defendant:**   Diversified Maintenance Systems, LLC, and its predecessors, successors, assigns, and agents.

8.     **Mr. Fields:** Dana L. Fields, himself, his heirs, personal representatives, assigns, and agents.

9.     **Claimants**:   The Estate of Doral Cooke, Anthony Minor, Troy Earl, Terri Smallwood, Leroy Bailey, Nichelle Braxton, Luther Cosentine, Natasha Truffer, James Ellis, Pamela Johnson, Mark Vaughn, Bryan Scales, Sean D. Walker, Kelly Gant, Iris Gant, individually, their heirs, personal representatives, assigns, and agents.  Each of the aforementioned individual Claimants will be referred to herein in the singular as an "Individual Claimant."

10.    **Effective Date:** The Effective Date of this Decree is the date on which the Court enters the Decree.

11.    **Geographic Region:**  Defendant's client locations situated in the portions of the Washington, D.C., Baltimore, and Philadelphia metropolitan areas encompassing the zip codes identified on the document attached hereto as Exhibit "A" as of the Effective Date.

12.    **Future Applicant:**  Any individual who applies for employment as a Custodian at a specific store in the Geographic Region between the Effective Date and the duration of the Decree and who fully completes, electronically signs, and submits an electronic application provided by Defendant.

## Monetary Relief

13.    Defendant shall pay a total of $750,000.00 to resolve all issues and claims in the Complaint, including all compensatory and punitive damages, as well as the Claimants' claims for attorneys' fees.

14.     Defendant shall pay to Mr. Fields monetary relief in the total amount of $300,000.00 in full and final settlement of the individual claims that the EEOC asserted on his behalf in the Complaint. This amount will be allocated as follows:

> a. The gross amount of $200,000.00 will be paid to Mr. Fields as back pay, and Defendant will deduct and withhold from this payment all applicable local, state, and federal taxes, including income taxes and Federal Insurance Contributions Act ("FICA") taxes. Defendant's required employer contributions under FICA are separate from and shall not be deducted from the portion of the payment representing back pay. Defendant will report this payment on an IRS Form W-2 for the tax year in which the payment is issued to Mr. Fields.

> b. The amount of $100,000.00 without withholding will be paid to Mr. Fields for alleged compensatory and punitive damages. Defendant will report this payment on an IRS Form 1099 for the tax year in which the payment is issued to Mr. Fields.

15.     Defendant shall also provide Mr. Fields an employment verification letter.

16.     Within five (5) business days of the Effective Date, the EEOC shall provide Defendant with Mr. Fields' current address.

17.     Defendant will mail the payments and letter described above to Mr. Fields via certified mail, with a copy to the EEOC, within thirty (30) business days following the date that the EEOC provides Defendant with Mr. Fields' current address. The checks will be sent directly to Mr. Fields, and a photocopy of the checks and related correspondence will be mailed to the

EEOC, Baltimore Field Office, George H. Fallon Federal Building 31 Hopkins Plaza, 1432 Baltimore, Maryland 21201 (Attention: Senior Trial Attorney Eric S. Thompson).

18.     Defendant shall pay to the Claimants monetary relief in the total amount of $450,000.00 in full and final settlement of the claims that the EEOC asserted on their behalf, including payments for attorneys' fees already made prior to entry of this Decree.  The EEOC in its sole discretion shall determine the amount to be paid to each Individual Claimant and whether the amount awarded is for back pay, compensatory damages, attorneys' fees or a combination of the three.

> a.  For any award of back pay, Defendant will deduct and withhold from that payment all applicable local, and federal taxes, including income taxes and Federal Insurance Contributions Act ("FICA") taxes. Defendant's required employer contributions under FICA are separate from and shall not be deducted from the portion of the payment representing back pay.  Defendant will report this payment on an IRS Form W-2 for the tax year in which the payment is issued to any Individual Claimant.
>
> b.  For any award of compensatory damages to any Individual Claimant, Defendant will report such payment on an IRS Form 1099 for the tax year in which the payment is to be issued to any Individual Claimant.

19.     Within five (5) business days of the Effective Date, the EEOC shall provide Defendant with a fully-executed W-4 for each Individual Claimant as well as a list setting forth the following information as to each Individual Claimant:

> a.  Amount of payment in back pay;
>
> b.  Amount of payment in compensatory and punitive damages; and

c.   Current address.

20.     Defendant will mail the payments described above to each Individual Claimant via certified mail, with a copy to the EEOC, within thirty (30) business days following the date that the EEOC provides Defendant with the information described in Paragraph 19. A photocopy of the checks and related correspondence will be mailed to the EEOC, Baltimore Field Office, George H. Fallon Federal Building 31 Hopkins Plaza, 1432 Baltimore, Maryland 21201 (Attention: Senior Trial Attorney Eric S. Thompson).

### Injunctive Relief

21.     Defendant, its officers, agents, servants, employees and all persons acting or claiming to act on its behalf and interest hereby are enjoined from denying hire to individuals based on race in violation of Title VII. Title VII states that it shall be an unlawful practice for an employer to:

> Fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual … because of such individual's … race.

42 U.S.C. § 2000e-2(a).

22.     Defendant, its officers, agents, servants, employees and all persons acting or claiming to act on its behalf and interest hereby are enjoined from discriminating against or harassing any person or condoning the harassment of any person based on race. The prohibited harassment includes, but is not limited to, the use of offensive or derogatory comments, or other verbal or physical conduct based on an individual's race, which creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance.  Such race-based harassment violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer --
> (1) to discriminate against any individual with respect to [her] … terms, conditions, or privileges of employment, because of such individual's ... race ....

42 U.S.C. § 2000e-2(a)(1).

23.     Defendant, its officers, agents, employees and all other persons acting on its behalf and interest are hereby enjoined from retaliating against employees because they have opposed racial discrimination in employment, racial harassment in the workplace or any other act or practice made unlawful by Title VII, including the following provision:

> It shall be an unlawful employment practice for an employer to discriminate against… any individual because he has opposed any practice made an unlawful employment practice by this subchapter.

42 U.S.C. § 2000e-3(a).

## Internal Monitor

24.     Defendant shall designate an Internal Monitor for the duration of the Decree.  The Internal Monitor shall be an officer or high-level management office of Defendant who shall possess the knowledge, capability, organizational authority, and resources to monitor and ensure Defendant's compliance with the terms of the Decree.  The Internal Monitor shall also have a reasonable base of knowledge regarding equal employment law and human resources management.

25.     In the event such Internal Monitor is unable to serve as the Internal Monitor, Defendant will designate a new Internal Monitor.

26.     The Internal Monitor will be responsible for monitoring and ensuring Defendant's compliance with the Decree and shall perform the duties described in Paragraphs 32, 34, 36, 40, and 42 below.

27.     Defendant will give its full cooperation to the Internal Monitor in the performance of the Internal Monitor's responsibilities under the Decree and will pay all costs, fees, and expenses of the Internal Monitor.  Defendant will give the Internal Monitor full access to Defendant's

officers, managers, supervisors, employees, and documents and records related to the performance of the Internal Monitor's responsibilities under the Decree.

28.     Defendant has provided written notice to the EEOC of the full name, job title, work experience, and education/training history (including but not limited to all equal employment opportunity and human resource education/training) of the individual who will serve as the Internal Monitor upon the Effective Date.   The EEOC has approved this individual to serve as the Independent Monitor.  Should Defendant appoint a new individual to serve as the Internal Monitor at any point during the duration of the Decree, Defendant will provide the EEOC with written notice within ten (10) business days of the appointment.  Written notice shall be provided to EEOC Senior Trial Attorney Eric S. Thompson at the EEOC's Baltimore Field Office.

### Targeted Hiring Plan

29.     Starting on or about April 1, 2020, Defendant will implement a targeted hiring plan which will entail an electronic job application tracking process for all Future Applicants who apply for positions as Custodians in the Geographic Region.

30.     The job application tracking process will electronically log all Future Applicants who apply for positions as Custodians at its client locations in the Geographic Region.

31.     The job application tracking process will ask all Future Applicants to self-identify their race on a voluntary basis.

32.     For the duration of the Decree, the Internal Monitor will generate summary reports, for the Defendant's Geographic Region which will provide the following information, where available:

> a.   Number of Future Applicants and a summary of the Future Applicants' racial demographics;

    b.  Number of Future Applicants who were denied employment, a summary of the racial demographics of the Future Applicants who were denied employment, and a summary of the reasons such Future Applicants were denied employment; and

    c.  Number of Future Applicants who were hired as Custodians and a summary of the racial demographics of the hired Future Applicants.

33.    Defendant shall at all times have the right to evaluate the qualifications of all Future Applicants and make their own business judgments about hiring.

34.    The Internal Monitor will provide the EEOC with a summary report outlining the information collected as described in Paragraph 32 on or before the yearly anniversary of the Effective Date of the Decree.

### **Record Keeping**

35.    Defendant will maintain records of any complaints about race-based hiring discrimination against African American Future Applicants in the Geographic Region. These records should include the following information, where available:

    a.  Names of Future Applicants or other individuals making the complaint;

    b.  Date complaint reported;

    c.  Description of allegations;

    d.  Names of any witnesses reported;

    e.  Name and position of the alleged discriminator; and

    f.  What action, if any, was taken to resolve the complaint.

36.    For the duration of the Decree, the Internal Monitor will conduct an annual review of the records described in Paragraph 35 and shall make prompt recommendations to Defendant

concerning the remediation of any such complaints.  The Internal Monitor will also provide the

EEOC with a narrative report summarizing the information collected as described in Paragraph 35

on or before the yearly anniversary of the Effective Date of the Decree.

### Policy

37.     Within 30 business days of the entry of this Decree, Defendant will implement and

maintain a detailed policy against harassment and retaliation against employees who report

harassment.  The EEOC has reviewed and approved the policy Defendant will implement as

compliant with this Decree and all associated laws.

38.     The policy required by Paragraph 38, above, shall include at least the following

content: (a) a description of Title VII and the conduct prohibited by statute including racial  and

other forms of harassment (b) a discussion of the meaning of the term retaliation including the

distinction between retaliation based on opposition and retaliation based on participation; (c) a

statement that opposition to an action by the employer is protected activity if the employee

reasonably believes that the employer's actions are unlawful even in cases where the actions are

in fact lawful; (d) a statement that employees who report discrimination, including harassment,

will be protected against retaliation; (e) a discussion of the meaning of the term "harassment"

which makes clear that harassment based on disability, gender (including transgender status), sex

(including sex stereotyping, pregnancy and sexual orientation) age, religion, race, color, national

origin and genetic information is unlawful; (f) a clear definition of harassment including examples

of conduct that constitutes harassment; (g) a statement that Defendant's corporate culture is a

culture of mutual respect between employees; (i) a statement of the importance of interactive

communication with employees who believe they have witnessed and/or experienced harassment;

(j) the establishment of a convenient and reliable means for reporting harassment that designates

at least two separate and independent company officials as responsible for receiving harassment complaints; (k) the establishment of a means for disseminating the necessary contact information for reporting suspected harassment; (l) an assurance that Defendant will protect the confidentiality of harassment complaints to the greatest extent possible; (m) a procedure for investigating reports of harassment; (n) a procedure for responding in the event it is determined that harassment has occurred; (o) an assurance that the employer will take immediate and proportionate corrective action when it determines that harassment has occurred and respond appropriately to behavior which may not be legally-actionable harassment but is inconsistent with the corporate culture of mutual respect between employees: and (p) a statement that it is applicable to interactions between co-workers that occur over social media.

### Training

39.     Defendant shall conduct one or more 90 minute live training session for all employees in Defendant's Human Resources Department and New Hire Team on discrimination, harassment, and retaliation.  These trainings will be completed within six months of the Effective Date.  Additionally, Defendant intends to conduct a 90- minute training session for all management and supervisory employees employed in the Geographic Region on discrimination, harassment, and retaliation on November 20, 2019.  If for some reason the currently scheduled November 20, 2019 training does not occur, it will be completed within six months of the Effective Date, and it may be pre-recorded.  Defendant will also provide the training to all newly hired employees in its Human Resources Department and on the New Hire Team as well as management and supervisory employees in the Geographic Region within six months of their hire during the period of time this Decree is in effect.  Training for these newly hired employees may be pre-recorded.  The EEOC has approved the individuals who will provide the training outlined in this Paragraph as individuals

who are qualified to provide training in matters of discrimination, harassment, and retaliation pursuant to this Decree.

40.    Up and until sixty (60) business days after of the Effective Date, the Internal Monitor will provide the EEOC with an outline of the topics to be conducted during the trainings described in Paragraph 39.

41.    Defendant shall provide all management and supervisory employees in the Geographic Region with one hour of refresher training on the requirements of Title VII's prohibitions against harassment, retaliation, and discrimination in hiring on or before the date of the second anniversary of the Effective Date.  The training may be prerecorded.

42.    Defendant shall maintain records to verify that its Human Resources and New Hire Team employees as well as its management and supervisory employees in the Geographic Region attend or watch the trainings they are required to attend or watch as described in Paragraphs 40 and 42.  The Internal Monitor shall provide the EEOC with copies of such records on or before the yearly anniversary of the Effective Date of the Decree.

### Notice and Postings

43.    Within thirty (30) business days of the Effective Date, Defendant will post or make available in a binder at all of Defendant's locations in the Geographic Region, the posters required by Commission Regulations, 29 C.F.R. § 1601.30.

44.    Within thirty (30) business days of the Effective Date, Defendant will post or make available in a binder at all of Defendant's client locations in the Geographic Region, the Notice attached hereto as Exhibit B.  The Notice shall be posted or made available for the duration of the Decree and shall be signed by a senior executive officer of Defendant, with the date signed by the senior executive officer.    Should the Notice become defaced, marred, or otherwise made

unreadable, Defendant will ensure that new readable copies of the Notice are posted or made available in the same manner as specified above.  Within six months of the Effective Date, Defendant shall provide to the EEOC a copy of the signed Notice, written confirmation that the Notice has been posted or made available, and a description of the locations and dates of the posting or accessibility.

### Miscellaneous Provisions

45.     All materials required by this Decree to be provided to the EEOC shall be sent by e-mail to Eric S. Thompson, EEOC Senior Trial Attorney, at Eric.Thompson@eeoc.gov.  All materials required by this Decree to be provided to the Defendant shall be sent by e-mail to Larry Seegull, Jackson Lewis, at larry.seegull@jacksonlewis.com.

46.     If at any time during the term of this Decree, the EEOC believes that Defendant is in violation of the Decree in any respect, the EEOC shall give notice of the alleged violation to Defendant and work with Defendant in good faith to come in to compliance.  Defendant shall have twenty (20) business days in which to investigate and respond to the allegations.  Thereafter, the parties shall then have a period of twenty (20) business days or such additional period as may be agreed upon by them, in which to engage in negotiation in good faith regarding such allegations.  If the Defendant has not remedied the alleged non-compliance, the EEOC may thereafter apply to the Court for appropriate relief.

47.     Defendant shall provide prior written notice to any potential purchaser of Defendant's business, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor of the existence of the Decree.

48.     The Parties shall bear their own costs and attorneys' fees.

49.     The undersigned counsel of record in the above-captioned action hereby consent,

on behalf of their respective clients, to the entry of the foregoing Decree.


FOR PLAINTIFF:

James L. Lee
Acting General Counsel

/S/
_____
Debra M. Lawrence
Regional Attorney

/S/
_____
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney

/S/
_____
Eric S. Thompson
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland 21201
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 801-6696 – Telephone
(410) 962-4270 – Facsimile
Eric.Thompson@eeoc.gov

*Counsel for Plaintiff Equal Employment
Opportunity Commission*

FOR DEFENDANT:

/S/[1]
_____
Larry R. Seegull (Bar No. 22991)
Mary M. McCudden (Bar No. 20760)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
410-415-2004 (direct)
410-415-2001 (facsimile)
Email: larry.seegull@jacksonlewis.com

*Counsel for Defendant Diversified Maintenance,
LLC*

---

[1] *Electronically signed with counsel's permission*

***SO ORDERED.***

*DATED this* 22ʰ *day of* Novcurr *, 2019.*

_____
Paula Xinis
*United States District Judge*

## EXHIBIT A

**The Geographic Region shall encompass the following zip codes:**

| | | |
|---|---|---|
| 19020 | 19134 | 21226 |
| 19031 | 19145 | 21227 |
| 19035 | 19148 | 21228 |
| 19038 | 19149 | 21234 |
| 19050 | 19150 | 21236 |
| 19072 | 19151 | 21237 |
| 19083 | 19153 | 21240 |
| 19102 | 19154 | 20002 |
| 19103 | 19428 | 20018 |
| 19111 | 21204 | 20743 |
| 19115 | 21205 | 20745 |
| 19116 | 21215 | 20782 |
| 19124 | 21220 | 20785 |
| 19128 | 21224 | 20815 |

**EXHIBIT B**



NOTICE TO EMPLOYEES AND APPLICANTS

This Notice is being posted as part of the resolution of a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Diversified Maintenance Inc., ("Diversified") in the United States District Court for the District of Maryland.

Title VII prohibits employment discrimination based on sex, race, color, national origin, or religion. This includes discriminating against someone because they are African American. Unlawful discrimination can take the form of harassment, failure to hire, termination of or retaliating against individuals who have complained of or opposed discrimination.

Therefore, in accordance with the applicable law:

DIVERSIFIED WILL NOT engage in any acts or practices made unlawful under Title VII, including discriminating against African Americans in hiring, tolerating racially offensive comments or conduct in the workplace, or retaliating against individuals who have complained or opposed discrimination.

Diversified's policy provides that persons who believe that they have been subjected to unlawful discrimination may report it to_____. In addition, complaints may be made to the Company hotline at ___-___-____. Diversified will thoroughly investigate all such complaints with due regard for the privacy of the individuals involved. Anyone who retaliates against an employee who has complained of discrimination shall be subject to immediate disciplinary action, up to and including discharge.

Individuals are also free to make complaints of employment discrimination directly to the Equal Employment Opportunity Commission's Baltimore Field Office at George H. Fallon Federal Building 31 Hopkins Plaza, Suite 1432 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201 or by calling 1-800-669-4000/ TTY (410) 962-6065. General information may also be obtained on the Internet at www.eeoc.gov.

_____
Marc Greenberg, General Counsel
Diversified Maintenance, LLC

Date Posted:

4848-6631-5941, v. 2